# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GERALD BROCKINGTON, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| GWINNETT COUNTY, Georgia, | : | CIVIL ACTION NO. |
| SHELLY MILLSAP, in his official | : | 1:14-CV-0189-WSD-JFK |
| capacity as detective and in his | : | |
| individual capacity, | : | |
|    Defendants. | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Plaintiff, Gerald Brockington, confined in Georgia State Prison in Reidsville, Georgia, has submitted a *pro se* civil rights complaint. By separate Order Plaintiff was granted *in forma pauperis* status, and the matter is before the Court on the complaint, (Doc. 1), for screening under 28 U.S.C. § 1915A.

## I.   28 U.S.C. § 1915A Standard

A federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous when it "lacks an arguable basis either in law

or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  "Plaintiffs must plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  Resnick v. AvMed, Inc., 693 F.3d 1317, 1324-25 (11th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level," and "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'"  Bell Atl. Corp., 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff.  See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations).  Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  "Courts do and should show a leniency to *pro se* litigants not enjoyed by

2

those with the benefit of a legal education. . . . Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action[.]" GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).  A plaintiff must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law (2) deprived him of a right secured by the Constitution or federal law. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).  If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiffs' factual allegations were insufficient to support the alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. <u>Discussion</u>

Plaintiff currently is serving a prison term based on his aggravated assault and battery of his then girlfriend. <u>Brockington v. State</u>, 316 Ga. App. 90, 90, 728 S.E.2d 753, 754 (2012). On December 25, 2008, Plaintiff struck the victim on her leg and on her head with a hammer, with sufficient force to her head to fracture her skull in multiple pieces and drive portions of her skull inward into her brain. <u>Id.</u>, 316 Ga. App. at 90-91, 728 S.E.2d at 754-55 (indicating that the victim survived but experienced continuing cognitive difficulties). After the attack and before the police arrived, someone attempted to clean the blood on the upstairs landing, which had soaked through the carpet and carpet pad into the wood flooring below. <u>Id.</u>, 316 Ga. App. at 91, 728 S.E.2d at 754.

> Meanwhile, [Plaintiff's] mother, who was present the whole time, had called 911, but [Plaintiff] grabbed the phone and hung up. The 911 operator called back, and [Plaintiff] answered to say there was no problem, but the operator heard a voice in the background saying, "I can't get up," and dispatched the police. An officer responded to a possible domestic disturbance and found [Plaintiff] and the victim in her car in the driveway. [Plaintiff] got out and said the victim had fallen, but the victim did not respond to the officer's questions about what had happened other than to say she had fallen, she was dizzy, her head hurt, and she wanted to go to the hospital.
>
> An ambulance arrived, and emergency personnel took the victim to the emergency room.

4

Id. Plaintiff rode in the front of the ambulance, and "[w]hen the paramedic asked the victim how she became injured, [Plaintiff] repeatedly interjected that she had fallen." Id., 316 Ga. App. at 93-94, 728 S.E.2d at 756.

Plaintiff was not under arrest at the time he and the victim arrived at the hospital, and the current record does not indicate at what time Plaintiff was arrested and taken into custody. Id., 316 Ga. App. at 94, 728 S.E.2d at 756. However, Detective S. Millsap applied for an arrest warrant on the following day, December 26, 2008, which was issued from jail, and Plaintiff made his first appearance on December 28, 2008. See State v. Brockington, No. 08W-20406-01 (Gwinnett Cnty. Magis. Crim. Ct. Dec. 26, 2008).

Plaintiff brings this action against Gwinnett County and Detective Shelly Millsap in his individual and official capacities. (Doc. 1 ¶ III). Plaintiff complains that on December 26, 2008, his constitutional rights were violated. (Id. ¶ IV). Plaintiff asserts (1) that no probable cause existed or was shown at the time that the warrant for his arrest was issued, (2) that Millsap lacked any probable cause to seek a warrant and maliciously prosecuted Plaintiff, (3) that he was falsely and maliciously imprisoned and convicted based on the unconstitutional warrant, and (4) that Millsap acted on behalf of Gwinnett County. (Id. ¶ IV). Plaintiff seeks to "undo" his false

5

imprisonment[1] and seeks damages, including compensatory damages for his pain and suffering and emotional distress. (Id. ¶ V).

"The right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. To be valid, an arrest warrant must be issued by a neutral and detached judicial officer, Shadwick v. City of Tampa, 407 U.S. 345, 350 (1972), and the judicial officer must "be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant[,]" Whiteley v. Warden, 401 U.S. 560, 564 (1971). An arrest warrant affidavit is presumptively valid, and there must be a

---

[1] Section 1983 is not the proper vehicle whereby to seek release from an allegedly unconstitutional confinement. Dyer v. Lee, 488 F.3d 876, 880 (11th Cir. 2007) (stating that habeas corpus is the exclusive remedy for a state prisoner challenging the fact of his confinement or seeking release) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477, 481 (1994)).
Because there is no indication that Plaintiff has exhausted his state remedies, as he must in order to bring a federal habeas corpus petition, this Court declines to construe this action as a habeas corpus petition. See 28 U.S.C. §2254(b)(1) (dictating that a federal court may not grant a petition for a writ of habeas corpus unless the petitioner has exhausted available state remedies or circumstances exist that render the state process ineffective); see also Castro v. United States, 540 U.S. 375, 377-78 (2003) (disfavoring *sua sponte* re-characterization of a filing as a federal habeas corpus petition).

AO 72A
(Rev.8/82)

substantial showing of intentional or reckless false statements or omissions in the warrant affidavit in order to bring the warrant into question. United States v. Sarras, 575 F.3d 1191, 1218 (11th Cir. 2009); see also Jones v. Cannon, 174 F.3d 1271, 1285 (11th Cir. 1999) ("[T]he Constitution prohibits a police officer from knowingly making false statements in an arrest affidavit about the probable cause for an arrest[.]").

The Constitution also allows an arrest without a warrant in certain circumstances.

> Because of concerns for public safety and the expeditious apprehension of criminals charged with heinous crimes, law enforcement officers with reasonable cause to believe that an individual has engaged in a felony may arrest without a warrant. . . . Probable cause exists where the facts and totality of the circumstances, as collectively known to the law enforcement officers and based on reasonably trustworthy information, are 'sufficient to cause a person of reasonabl[e] caution to believe an offense has been or is being committed.'

Parker v. Allen, 565 F.3d 1258, 1289 (11th Cir. 2009) (citations omitted).[2]

---

[2] An officer is entitled to qualified immunity if he had arguable probable cause, which requires that a reasonable officer in his shoes "could have believed that probable cause existed[.]" Grider v. City of Auburn, 618 F.3d 1240, 1257 (11th Cir. 2010) (quoting Kingsland v. City of Miami, 382 F.3d 1220, 1232 (11th Cir. 2004)) (internal quotation marks omitted).

7

Whether Plaintiff intended to raise a claim of malicious prosecution[3] on the grounds that he was arrested and detained based on a warrant that was unsupported by probable cause and/or a claim that he was falsely arrested/imprisoned without a warrant, both claims fail.  It appears that Plaintiff was arrested based on a warrant issued by a Cobb County Magistrate Judge, and his conclusory assertions that the arrest warrant was unconstitutional and not supported by probable cause are insufficient to bring into question the validity of the arrest warrant.  See Sarras, 575 F.3d at 1218 (stating that arrest warrant affidavit is presumptively valid and that there must be a substantial showing of intentional or reckless false statements or omissions in the warrant affidavit in order to bring the warrant into question).  Moreover, a claim of malicious prosecution does not accrue until the criminal proceedings have been favorably terminated in the plaintiff's favor, which has not occurred here.  See Wood, 323 F.3d at 882.

---

[3] A malicious prosecution claim is the only available civil rights claim for a person who complains of a wrongful arrest pursuant to a warrant. Carter v. Gore, No. 13-11629, 2014 WL 783151, at *2 (11th Cir. Feb. 28, 2014).  Malicious prosecution, an alleged violation of the Fourth Amendment, requires: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." Wood v. Kesler, 323 F.3d 872, 882 (11th Cir. 2003).

8

To the extent that Plaintiff may be complaining regarding an arrest that occurred at some point between his arrival at the hospital and the issuance of the arrest warrant on December 26, his conclusory assertions that there was no probable cause to arrest him fail.  The facts and totality of the circumstances, as collectively known to law enforcement, were sufficient to support at least arguable probable cause to arrest Plaintiff for committing a heinous crime – the police were sent to the scene of a suspected domestic disturbance after there was a hang-up 911 call and the 911 operator had called back and been told by Plaintiff that there was no problem although a voice was heard in the background that indicated otherwise; the victim's skull had been crushed; when officers arrived, Plaintiff claimed that the victim had fallen; Plaintiff and his mother were the only persons who apparently were present at the time that the victim was injured; and it appeared that someone had tried to "clean the carpet on the landing of the stairs, but when [police technicians] pulled it up, blood had soaked through the carpet pad beneath and into the wood flooring."[4]  Brockington, 316 Ga. App. at 91, 728 S.E.2d at 754; see also Ricehill v. Brewer, 459 F.2d 537, 539 (8th Cir.

---

[4]It would appear reasonable to think that the carpet was pulled up within a short time period of the officers arriving at the scene.  To the extent it was not, the remaining circumstances, including Plaintiff's attempt to delay aid for a badly injured person, are sufficient to support at least arguable probable cause.

9

1972) (finding probable cause for arrest after considering, among other things, the petitioner's presence at the scene of the murder and his failure "to report the murder for several hours after he admittedly knew [the victim] was either dead or seriously injured"). Plaintiff fails to state a claim.

## III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** for failure to state a claim.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED**, this 5th day of March, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)