IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GERALD BROCKINGTON,

                Plaintiff,

v.                                 1:14-cv-0189-WSD

GWINNETT COUNTY and
SHELLY MILLSAP,

                Defendants.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [4] ("R&R") and Planitiff's *pro se* objections to the Magistrate Judge's R&R [6].[1]

## I. BACKGROUND[2]

Plaintiff Gerald Brockington ("Plaintiff") is currently incarcerated in the Georgia State Prison in Reidsville, Georgia and filed this *pro se* action asserting claims under 42 U.S.C. § 1983 for the alleged deprivation of his constitutional civil

---

[1] The "objections" asserted by Plaintiff and whether they are valid are addressed later in this Order.

[2] The facts are taken from the R&R and the record. The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

rights. Plaintiff was convicted of aggravated assault and aggravated battery, and the trial court sentenced him to serve 25 years in confinement followed by 15 years on probation.

Plaintiff brings this action against Gwinnet County and Detective Shelly Millsap ("Millsap") in his individual and official capacities. On December 26, 2008, Defendant Detective S. Millsap ("Millsap") applied for an arrest warrant. The record does not indicate at what time Plaintiff was arrested or taken into custody. Plaintiff asserts that (1) no probable cause existed at the time the warrant for his arrest was issued; (2) that Millsap lacked probable cause to seek a warrant and "maliciously prosecuted" him; (3) that he was falsely and maliciously imprisoned and convicted based on the "unconstitutional" warrant; and (4) that Millsap acted on behalf of Gwinnett County. Plaintiff is "seeking for court [sic] to undo what this unconstitutional arrest has led to false imprisonment and malicious prosecution under some [sic] unconstitutional arrest warrant and affidavit." He also seeks damages, including compensatory damages for his pain and suffering and emotional distress.

On March 5, 2014, Magistrate Judge King issued her R&R recommending that the Complaint be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. She found that the conclusory factual allegations in Plaintiff's Complaint

do not assert a plausible claim.

On October 19, 2014, Plaintiff submitted written objections [6] to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  Plaintiff does not assert any specific objections to the R&R or reasons to support them.  Although largely incomprehensible, Plaintiff is essentially asking the Court to reconsider the Magistrate Judge's findings and recommendations based on the same submission Plaintiff submitted to the Magistrate Judge.  A valid objection must "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection."  Heath v. Jones, 863 F.2d

815, 822 (11th Cir. 1989); see also Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) (noting that "[p]arties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). Plaintiff asserts rambling, conclusory objections to the R&R. They do not constitute valid objections and thus the Court reviews the R&R for plain error.[3]

B. Analysis

The Court is required to conduct an initial screening of a prisoner complaint to determine whether the action is frivolous. 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). "A claim is frivolous if and only if it 'lacks an arguable basis either in law or in fact.'" Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The standard for failure to state a claim under Section 1915A(b)(1) is the same that governs dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Cf. Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th

---

[3] Plaintiff asserts that Magistrate Judge King made "unfactual [sic] statements." Plaintiff asserts that "Mrs. King state [sic] that I struck victim in leg [sic] and head with a hammer this in [sic] not factual and is irelerrent [sic] to probable cause . . . she also state after the attack and before police arrived someone attempted to clean the blood on the stair [sic] this is not true or fact [sic] and don't know [sic] where she got this information has nothing to do with probable cause as well."

4

Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)) (noting this rule in connection with similarly-worded 28 U.S.C. § 1915(e)(2)(B)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555.

When reviewing a complaint for frivolousness, a court must hold *pro se* pleadings to a less stringent standard than pleadings drafted by attorneys, and must construe *pro se* pleadings liberally. Miller, 541 F.3d at 1100.

The Supreme Court has held that when state prisoners bring a Section 1983 claim that either explicitly challenges their confinement or sentence or that, if successful, would necessarily imply the invalidity of their conviction or sentence, the complaint must be dismissed unless the prisoner can establish that the conviction or sentence has already been invalidated. See Heck v. Humphrey, 512 U.S. 477, 487 (1994). Prisoners may challenge their incarceration only by

petitioning for a Writ of Habeas Corpus under 28 U.S.C. § 2254. See id. at 480-81. If it is possible that the Section 1983 suit would not invalidate the underlying conviction, the suit is not barred. See Dyer v. Lee, 488 F.3d 876, 877 (11th Cir. 2007). Because there is no indication that Plaintiff has exhausted his state remedies, as he must in order to bring a federal habeas corpus petition, Magistrate Judge King declined to construe this action as a habeas corpus petition. See 28 U.S.C. § 2254(b)(1) (a federal court may not grant a petition for a Writ of Habeas Corpus unless the petitioner has exhausted available state remedies or circumstances exist that render the state process ineffective). Plaintiff has not challenged his incarceration by petitioning for a Writ of Habeas Corpus under 28 U.S.C. § 2254, and the Magistrate Judge found that Plaintiff's claims are required to be dismissed. Plaintiff did not object to the Magistrate Judge's finding that he has not petitioned for a Writ of Habeas Corpus, and the Court finds no plain error in this finding.[4]

---

[4] Even if Plaintiff raised a Habeas Corpus Petition, his claims would still be required to be dismissed. Magistrate Judge King found that Plaintiff failed to state a claim against Millsap and Gwinnett County because the warrant to arrest Plaintiff, issued by a Cobb County Magistrate Judge, was valid. The Magistrate Judge found that Plaintiff's conclusory assertions that the arrest warrant was unconstitutional and not supported by probable cause were insufficient to question the validity of the arrest warrant, and the Court finds no plain error in these findings. See United States v. Sarras, 575 F. 3d 1191, 1218 (stating that arrest warrant affidavit is presumptively valid and that there must be a substantial

### III. CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [4] is **ADOPTED** and this action is **DISMISSED**.

**SO ORDERED** this 2nd day of July, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

showing of intentional or reckless false statements or omissions in the warrant affidavit in order to bring the warrant into question.). The Magistrate Judge concluded that the factual allegations in the Complaint are insufficient to state a plausible claim, and the Court finds no plain error in this finding. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). Plaintiff asserts contradictory and conclusory factual allegations that are insufficient to state a claim. Plaintiff alleges that he was "deprived of [his] constitutional civil rights resulting from [his] unconstitutional arrest at the time warrant was issued . . . where accuser Detective Millsap had no grounds of probable cause to proceed for warrant that was unconstitutional and his only desire was to injure the accused using malicious prosecution and was not objectively reasonable."